UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>HEIDELBERG MATERIALS MIDWEST AGG, INC. f/k/a HANSON AGGREGATES MIDWEST, INC. f/k/a MATERIAL SERVICE CORPORATION d/b/a HANSON MATERIAL SERVICE, et al.,<br><br>*Defendants*. | § | Civil Action No. 3:26-CV-1901-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff/Counter-Defendant U.S. Specialty Insurance Company's (USSIC) Motion to Dismiss (the Motion) Defendants/Counter-Plaintiffs Heidelberg Materials Midwest Agg, Inc., HM US Services, LLC, and Lehigh Hanson's (collectively, Heidelberg) counterclaims. (Doc. 15) For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

## I. Background and Procedural History

In 2020, a towboat owned by one of Heidelberg Materials' entities caused an accident on the Chicago River that resulted in a child's drowning. The minor's estate sued Heidelberg (the Underlying Suit), alleging that the towboat and barge's excessive wake caused the accident.

Heidelberg was insured under a three-layer insurance program; USSIC was responsible for sixty percent of the third layer (the Second Excess Policy).[1] The child's estate, the insurers, and Heidelberg litigated the Underlying Suit for nearly four years. After negotiating and shortly before trial, Heidelberg and every insurer but USSIC agreed to settle all the claims in the underlying suit for $31,000,000.

One day before the settlement payment was due, USSIC denied coverage of its part of the underlying suit. Heidelberg advanced USSIC's share to avoid breaching the settlement agreement. Heidelberg then sought indemnity from USSIC for its share of the settlement. Heidelberg and USSIC eventually entered into a written agreement stating that USSIC would pay Heidelberg $5,760,000 for the settlement.[2] As part of the agreement, both parties retained the right to litigate the coverage issues, and USSIC paid Heidelberg $5,960,000 on September 16.

USSIC brought this suit against Heidelberg, alleging seven counts. Heidelberg responded by alleging four counts in its answer and counterclaim against USSIC. USSIC filed a motion to dismiss all four of Heidelberg's counterclaims.

## II. Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[3] A pleading in federal court must state "a short

---

[1] Other insurance companies were responsible for the other forty percent of the third layer, and for the first and second layers.

[2] While USSIC paid Heidelberg an additional $200,000 in attorney's fees, the agreement noted that Heidelberg would not be required to reimburse the $200,000 in attorney's fees if Heidelberg prevailed in litigation.

[3] FED. R. CIV. P. 12(b)(6).

and plain statement of the claim showing that the pleader is entitled to relief."[4] In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[5] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[6] And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[8] That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[9]

## III. Analysis

USSIC's Motion to Dismiss asks the Court to dismiss all four of Heidelberg's counterclaims. First, USSIC asserts that Heidelberg's counterclaim for Declaratory Judgment must be dismissed as redundant.[10] Second, USSIC asserts that Heidelberg's counterclaim for Breach of Contract fails because USSIC's liability was

---

[4] FED. R. CIV. P. 8(a)(2).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[7] *Iqbal*, 556 U.S. at 678.

[8] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[9] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (cleaned up).

[10] *See* Doc. 15 at 4.

not clear.[11] Third, USSIC asserts that Heidelberg's counterclaim for Breach of the Common Law Duty of Good Faith and Fair Dealing fails because the parties dispute the Policy's coverage.[12] And fourth, USSIC asserts that Heidelberg's counterclaim for Breach of the Texas Insurance Code fails because USSIC disputes the Policy's coverage.[13] The Court addresses each argument in turn.

### A. Declaratory Judgment

USSIC first argues that Heidelberg's counterclaim for declaratory judgment is redundant. And because the claims are redundant, mirror-images of each other, the Court should dismiss Heidelberg's counterclaim. The Court agrees.

District courts in the Fifth Circuit "regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the claims in the lawsuit."[14] And in particular, they often "reject declaratory judgment claims seeking the resolution of issues that are the mirror image of other claims in a lawsuit."[15] To resolve whether competing claims are the mirror image of each other, Courts must "determine whether what a counterclaim requests is the opposite of the affirmative causes of action pleaded."[16] They should consider "whether resolution of [the] plaintiff's claim, along with the affirmative defenses asserted by [the]

---

[11] *See id.* at 7.

[12] *See id.* at 10.

[13] *See id.* at 12.

[14] *Amerisure Mut. Ins. Co. v. McMillin Tex. Homes, LLC*, No. 5:20-CV-1332-DAE, 2021 WL 12313854, at *2 (W.D. Tex. Mar. 17, 2021) (collecting cases).

[15] *Great Am. Ins. Co. v. Goin*, No. 3:15-CV-75-L, 2017 WL 4238698, at *4 (N.D. Tex. Sept. 25, 2017) (Lindsay, J.).

[16] *Centex Homes v. Lexington Ins. Co.*, No. 3:13-CV-719-BN, 2014 WL 1225501, at *14 (N.D. Tex. Mar. 24, 2014) (Horan, M.J.).

defendants, would resolve all questions raised by the counterclaim," and "should consider potential qualitative differences between merely prevailing in Plaintiff's lawsuit, and receiving an affirmative declaration of rights to a declaratory judgment."[17]

The Court finds that USSIC and Heidelberg bring mirror image declaratory judgment claims. USSIC's insurance policy contains a Towage Exclusion, which states that any claim arising out of towage of another vessel (unless to assist a vessel in distress) is not covered.[18] USSIC's Complaint alleges that because of the Exclusion, the claims in the Underlying suit are not covered. Therefore, USSIC asks the Court for a declaratory judgment stating that "(a) the Settlement in the Underlying Suit is not covered under the Second Excess Policy, (b) that various exclusions and conditions apply, and (c) USSIC is entitled to reimbursement of the Disputed Amount it paid for the Settlement if this Court determines that the Underlying Suit is not covered."[19]

On the other hand, Heidelberg's counterclaim seeks a declaratory judgment stating that "(a) the Settlement is covered under the Second Excess Policy; (b) none of the exclusions, limitations, or conditions invoked by USSIC bars coverage; (c) USSIC is obligated to pay its $5.76 million share of the Settlement; and (d) USSIC waived, and is estopped from asserting, any consent-to-settle or other coverage

---

[17] *Id.* (cleaned up).

[18] *See* Doc. 20 at 10.

[19] Doc. 15 at 5 (numbers added).

defense inconsistent with its prior conduct."[20] Heidelberg also seeks reasonable attorneys' fees under the Texas Civil Practice and Remedies Code.[21]

If the Court ruled for USSIC (hypothetically) and found that the Settlement was not covered by the Second Excess Policy, that would resolve the entirety of Heidelberg's first declaratory judgment request.[22] If the Court ruled for USSIC (again, hypothetically) and found that various exclusions and conditions *do* apply, that would necessarily preclude Heidelberg's second declaratory judgment request.[23] If the Court ruled for USSIC (you know the drill—hypothetically) and found that USSIC is entitled to reimbursement of the disputed amount because the Underlying Suit was not covered by the Policy, then that would resolve the entirety of Heidelberg's third declaratory judgment request.[24] Heidelberg's fourth declaratory judgment request is already asserted in its affirmative defenses.[25] This counterclaim thus serves no additional purpose, and Heidelberg does not explain otherwise.[26] Finally, while Heidelberg also asserts attorney's fees, USSIC is correct that courts in

---

[20] Doc. 21 at 45.

[21] *Id.* at 46.

[22] Recall that Heidelberg's counterclaim sought a declaratory judgment first that "(a) the Settlement *is* covered under the Second Excess Policy." Doc. 21 at 45 (emphasis added).

[23] Heidelberg's counterclaim also sought a declaratory judgment that "(b) none of the exclusions, limitations, or conditions invoked by USSIC bars coverage." *Id.*

[24] Heidelberg's counterclaim for declaratory judgment thirdly sought a declaration that "USSIC is obligated to pay its $5.76 million share of the Settlement." *Id.*

[25] *See id.* at 33–34, 45.

[26] *See* Doc. 17 at 10 (asserting without explanation that "success on the affirmative defenses would not result in Heidelberg Materials obtaining the declarations and legal relief that it independently seeks through its Counterclaims").

this district dismiss mirroring declaratory judgment requests even when one includes a request for attorney's fees.[27] The Court follows suit.

Accordingly, the Court **GRANTS** USSIC's Motion as to Heidelberg's mirroring Declaratory Judgments counterclaim.

### B. Breach of Contract

USSIC next argues that Heidelberg's counterclaim for Breach of Contract fails. USSIC reasons that it did not breach any contract because its liability was not reasonably clear and Heidelberg suffered no damages. The Court disagrees.

"What constitutes a breach of contract is a question of law, but whether the breaching conduct occurred is a question of fact."[28] In a breach of contract claim, "Texas law requires the insured to prove: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[29]

USSIC and Heidelberg dispute the application of the third and fourth factors: whether USSIC breached the contract and whether the alleged breach caused Heidelberg to suffer damages.[30] USSIC claims that because there is a dispute as to

---

[27] *See* Doc. 18 at 5 (citing *Airlease Int'l Inc. v. Aero Techs., LLC*, No. 3:11-CV-1758-F, 2011 WL 13128971, at *4 (N.D. Tex. Dec. 12, 2011) (Furgeson, J.); *Redwood Resort Properties, LLC v. Holmes Co.*, No. 3:06-CV-1022-D, 2007 WL 1266060, at *5 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.)).

[28] *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 127 (5th Cir. 2017); *see also X Technologies, Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406, 414 (5th Cir. 2013) ("The question of whether [Defendant's] conduct breached the agreement is a question of fact for the jury.").

[29] *Advanced Indicator and Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 476 (5th Cir. 2023) (cleaned up).

[30] *See* Doc. 15 at 7.

whether the Settlement is covered under its Policy, it did not breach any contract.[31] In its own words, because "USSIC denied coverage, its liability for its alleged share of the Settlement was not reasonably clear."[32] Therefore, it argues there is no dispute about whether it breached its contract with Heidelberg. It also argues that Heidelberg suffered no damages because it paid its share of the Settlement on September 15.[33]

Heidelberg counters, and the Court agrees, that the Court cannot resolve USSIC and Heidelberg's disagreement about whether USSIC breached a contract in a motion to dismiss. In the motion to dismiss stage, courts only examine a complaint to ensure it alleged sufficient facts to state a plausible claim for relief.[34] Whether the counterclaim will ultimately succeed—in other words, whether Heidelberg brings a valid breach of contract claim—is inappropriate to address at this stage. It is a question of fact that the Court will decide later, either at summary judgment or at trial.

Accordingly, the Court **DENIES** USSIC's Motion as to Heidelberg's Breach of Contract claim.

### C. Breach of Common Law Duty of Good Faith and Fair Dealing

USSIC also claims that, contrary to Heidelberg's counterclaim, it did not breach its common law duties of good faith and fair dealing because, as discussed

---

[31] *See id.* at 8.

[32] *Id.* at 9.

[33] *See id.*

[34] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

above, "a bona fide coverage dispute exists based on the application of the policy terms."[35] Therefore, Heidelberg's counterclaim should be dismissed. The Court disagrees.

"Under Texas law, there is a duty on the part of the insurer to deal fairly and in good faith with an insured in the processing of claims."[36] A party can bring "a cause of action for breach of the duty of good faith and fair dealing . . . when the insurer has no reasonable basis for denying or delaying payment of a claim."[37] To sustain a claim, "the insured must establish the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim."[38] "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith."[39] The Texas Supreme Court has clarified that "evidence showing only a bona fide coverage dispute does not demonstrate that there was no reasonable basis for denying a claim."[40] And "evidence of a coverage dispute is not evidence that liability under the policy had become reasonably clear."[41]

[35] Doc. 15 at 10 (cleaned up).

[36] *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 2017).

[37] *Id.* (cleaned up).

[38] *Id.*

[39] *Id.*

[40] *Provident Am. Ins. Co. v. Castañeda*, 988 S.W.2d 189, 194 (Tex. 1998).

[41] *Id.*

As stated above, Heidelberg's burden at the motion to dismiss stage is *not* to prove that USSIC had no reasonable basis for denying payment to Heidelberg. Rather, it must allege *enough* facts to *plausibly* bring a claim that USSIC had no reasonable basis to deny payment. Heidelberg notes that "USSIC treated the claim as covered for years, participated in the defense and settlement process without identifying a coverage issue, agreed to indemnify the insureds, and committed to pay its $5.76 million share, only to reverse course after the settlement was approved and on the eve of payment."[42] And another insurance provider "applying the same policy language at the same layer under the same policy, reached the opposite conclusion" as USSIC.[43] While Heidelberg might not ultimately prove that USSIC had no reasonable basis for denying its payment to Heidelberg, it has at least alleged enough facts that its counterclaim can proceed.

Accordingly, the Court **DENIES** USSIC's Motion as to Heidelberg's Breach of Common Law Duty claim.

### D. Violations of Texas Insurance Code Chapter 541

Lastly, USSIC argues that Heidelberg's Texas Insurance Code counterclaim fails because "when an insured joins statutory claims under Chapter 541 with a claim for common law breach of the duty of good faith and fair dealing, there can be no liability on the statutory bad faith claims if the claims for common law bad faith fail."[44] That is because "common law and statutory bad faith claims share the same

---

[42] Doc. 17 at 17.

[43] *Id.*

[44] Doc. 15 at 12.

predicate, that the insurer failed to settle or make a payment after liability became reasonably clear."[45]

For the same reason as above, the Court will not dismiss Heidelberg's Texas Insurance Code counterclaim. If, at the summary judgment stage or at trial, the Court dismisses or rules against Heidelberg in its Breach of Contract claim, the Court will also dismiss or rule against Heidelberg's Texas Insurance Code claim. But, as noted above, Heidelberg has alleged sufficient facts to state a plausible claim for relief.

Accordingly, the Court **DENIES** USSIC's Motion as to Heidelberg's Texas Insurance Code counterclaim.

## IV. Conclusion

For these reasons, the Court **GRANTS IN PART AND DENIES IN PART** USSIC's Motion to Dismiss. The Court **DISMISSES WITHOUT PREJUDICE** Heidelberg's counterclaim for Declaratory Judgment against USSIC. The rest of Heidelberg's counterclaims may proceed.

**IT IS SO ORDERED** this 19th day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[45] *Id.*